[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2000
THOMAS K. KAHN
CLERK

No. 99-13200

D.C. Docket No. 95-08049-CV-DTKH

HARVEY (FIRE BIRD) GIBSON,

Plaintiff-Appellant,

versus

BRUCE BABBITT, as Secretary of the United States Department of Interior,
B.D. OTT, Area Director, as Acting Area Director of the Eastern Area Office
of the Bureau of Indian Affairs,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(August 21, 2000)**

Before ANDERSON, Chief Judge, DUBINA and SMITH[*], Circuit Judges.
 PER CURIAM:

---

  [*] Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

Harvey (Fire Bird) Gibson applied to the United States Fish and Wildlife Service for five bald or golden eagle feathers to use in religious ceremonies. Gibson's application was denied because he is not a member of a federally recognized Indian tribe, and thus did not qualify for the exemption to the Bald and Golden Eagle Protection Act ("BGEPA"), 16 U.S.C. § 668a (1994), which provides:

> Whenever, after investigation, the Secretary of the Interior shall determine that it is compatible with the preservation of the bald eagle or the golden eagle to permit the taking, possession, and transportation of specimens thereof for . . . the religious purposes of Indian tribes . . . [the Secretary of the Interior] may authorize the taking of such eagles pursuant to regulations which he is hereby authorized to prescribe . . . Provided further, That bald eagles may not be taken for any purpose unless, prior to such taking, a permit to do so is procured from the Secretary of the Interior . . . .

Pursuant to 50 C.F.R. § 22.22, the exemption to the BGEPA is limited to Indians who are members of federally recognized tribes. See id. § 22.22(a)(5) (requiring that an applicant for a permit "attach a certification of enrollment in an Indian tribe that is federally recognized under the Federally Recognized Tribal List Act of 1994, 25 U.S.C. 479a-1").

After the denial of his application, Gibson filed suit in the United States District Court for the Southern District of Florida, alleging that the United States' ("Government's") refusal to provide him with eagle feathers violates his rights under the First Amendment to the United States Constitution and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. ("RFRA"). The district court issued a

2

final judgment order holding that the requirement of membership in a federally recognized Indian tribe is a permissible agency policy which does not violate the RFRA. See Gibson v. Babbitt, 72 F. Supp. 2d 1356 (S.D. Fla. 1999). The district court did not directly address the issue whether the requirement violated the Free Exercise Clause of the First Amendment. Gibson now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The test under the RFRA is the compelling interest test, which requires that all laws that substantially burden a person's exercise of religion be (1) in furtherance of a compelling governmental interest; and (2) the least restrictive means of furthering that compelling governmental interest. See 42 U.S.C. § 2000bb-1.

The district court found, and the parties do not dispute, that the regulation restricting the exemption to members of a federally recognized Indian tribe constitutes a substantial burden on Gibson's free exercise of his religion. See Gibson, 72 F. Supp. 2d at 1360. The trial court then correctly shifted the burden to the Government to demonstrate that the regulation was in furtherance of a compelling governmental interest, and that the regulation furthers that compelling interest using the least restrictive means. See id.

The Government contended that it had three compelling governmental interests that it sought to achieve by requiring an applicant to be a member of a federally recognized Indian tribe, consisting of the following: (1) the compelling governmental

interest that led to the enactment of the BGEPA: the preservation of two endangered species of eagles; (2) the preservation of Native American religions; and (3) the obligation of the United States to fulfill pre-existing treaty commitments to federally recognized Indian tribes. See id. The district court reasoned that in light of the Constitution's grant of authority in the Indian Commerce Clause, U.S. Const. art. I, § 8, cl. 3, the BGEPA's religious purpose clause preserves and protects Native American religions, and is a compelling governmental interest. See Gibson, 72 F. Supp. 2d at 1360. In addition, the district court reasoned that "by providing bald and golden eagle parts to federally recognized Indian tribes, the United States . . . is fulfilling a pre-existing treaty obligation to the tribes." Id. Thus, the district court found "that the [Government] has met its burden of establishing compelling governmental interests." Id. at 1361.

We agree with the district court's finding that the Government has met its evidentiary burden of proving that it has a compelling governmental interest in fulfilling its treaty obligations with federally recognized Indian tribes. Because we have determined that the Government has met its burden of proving at least one compelling governmental interest, we need not address the issue whether the preservation of Native American religions is a compelling governmental interest, and save that discussion for another day. Therefore, the issue on appeal narrows to whether the regulation limiting applicants for eagle parts to members of federally

4

recognized Indian tribes is the least restrictive means of furthering the United States' treaty obligations with the federally recognized Indian tribes.

The record before us indicates that the demand for eagle parts exceed the supply, and applicants for permits who are members of federally recognized Indian tribes experience prolonged delays in receiving eagle parts. Further, the record indicates, and the district court found, that there is a sizeable pool of individuals who are similarly situated to Gibson. See Gibson, 72 F. Supp. 2d at 1361. Thus, it is clear from the record that without the exemption the limited supply of bald and golden eagle parts will be distributed to a wider population and the delays will increase in providing eagle parts to members of federally recognized Indian Tribes, thereby vitiating the governments efforts to fulfill its treaty obligations to federally recognized Indian tribes. Therefore, we agree with the district court that the Government has met its evidentiary burden of proving that the requirement restricting the exemption to the BGEPA to members of a federally recognized Indian tribe is the least restrictive means of furthering that compelling governmental interest, and we affirm the district court's decision. By the same test, we hold that the membership requirement does not violate the Free Exercise Clause of the First Amendment.

AFFIRMED.